UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HD SILICON SOLUTIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICROCHIP TECHNOLOGY INC.,<br><br>　　　　Defendant. | Case No. 21-cv-08295-SK<br><br>**ORDER REGARDING MOTION TO STAY**<br><br>Regarding Docket No. 73 |

　　　　Defendant Microchip Technology, Inc. ("Defendant") seeks a stay of this case pending resolution of Defendant's *inter partes* review ("IPR") regarding the validity of four patents. Defendant seeks a stay of the entire case, but Plaintiff HD Silicon Solutions LLC ("Plaintiff") opposes a stay of the entire case and has agreed only to a partial stay. For the reasons set forth below, the Court GRANTS Defendant's motion for a complete stay of this matter.

**BACKGROUND**

　　　　Plaintiff originally sued Defendant on November 30, 2020, in the U.S. District Court for the Western District of Texas. There, Plaintiff alleged infringement of seven patents in two groups: (1) U.S. Patent Nos. 7,810,002 ("the '002 patent"), 7,154,299 ("the '299 patent"), 7,302,619 ("the '619 patent"), and 6,774,033 ("the '033 patent") (collectively, the "IPR Instituted Patents") and (2) U.S. Patent Nos. 7,260,731 (the "'731 patent"), 7,870,404 (the "'404 patent") (collectively, the "non-IPR Patents").[1] Plaintiff served preliminary infringement contentions, Defendant served its preliminary invalidity contentions pursuant to the local rules of the Western District of Texas, and the parties prepared and submitted claim construction briefs on all of the patents at issue. (Dkt. Nos. 70, 73-1 (Declaration of Rachel M. Walsh, Exs.1-3).) The Western District of Texas then transferred this case

---

[1] Plaintiff also included a seventh patent but later dismissed all claims relating to it. (Dkt. No. 25.)

to this Court on October 25, 2021. (Dkt. No. 49.) The parties have not engaged in discovery and have not exchanged infringement, invalidity or damages contentions under this Court's Patent Local Rules. There has been no claim construction hearing. The Court has not set any deadlines or date for trial.

When the parties originally appeared in this District, they notified the Court that IPR proceedings had been instituted for some of the IPR Instituted Patents but that the parties were awaiting decisions for the other patents. (Dkt. No. 66.) The Court thus set another Case Management Conference after the date by which the decision about institution was to be made. (Dkt. No. 67.) By May 12, 2022, there were decisions on all of the patents. (Dkt. No. 73-1 (Declaration of Rachel M. Walsh, Exs. 4-7).) Review was instituted for the four IPR Instituted Patents and denied for the two non IPR Patents. (*Id.*) After the institution for the IPR Instituted Patents, the parties agreed to stay proceedings in this Court only for the IPR Instituted Patents.

## ANALYSIS

The decision to stay a patent case pending IPR rests entirely within the Court's discretion. *Viskase Corp. v. Am. Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). There are three factors used by this District to determine whether to stay a patent infringement case pending review or reexamination of the patents:

> (1) Whether discovery is complete and whether a trial date has been set;
>
> (2) Whether a stay will simplify the issues in question and the trial of the case; and
>
> (3) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*PersonalWeb Technologies, LLC v. Apple Inc.,* 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014); *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *In re Cygnus Telecomms. Tech., LLC, Patent Litig*. 385 F. Supp. 2d, 1022, 1023 (N.D. Cal. 2005). The party seeking the stay has the burden of showing that the stay is warranted. *Software Rts. Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *2 (N.D. Cal. Sept. 17, 2013) (citing *Nken v. Holder,* 556 U.S. 418, 433-34 (2009)). Here, the factors weigh in favor of staying this entire matter.

### A.     Application of the Three Factors Favors Stay

#### 1.     The Litigation Remains in Early Stages.

The early stage of litigation weighs in favor of granting a stay pending reexamination. *Coho Licensing LLC v. Glam Media,* 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014) (citing *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995)). Issues for consideration include whether the parties have engaged in costly expert discovery and dispositive motion practice, whether the parties have fully briefed the issue of claim construction, attended a *Markman* hearing and received a claim construction order, and whether a court has set a trial date. *PersonalWeb,* 69 F. Supp. 3d at 1025-26 (citations omitted).

Here, there has been limited or no factual discovery, no expert discovery, no dispositive motions, and no setting for trial. Given that this case is in the early stages of litigation and that a substantial portion of the work in this case lies ahead, the Court finds that this factor weighs in favor of granting a stay of the entire case.

#### 2.     The Stay Will Simplify Issues.

The Court now looks to whether the stay will simplify the issues in question at the trial of the case. "A stay is favored where 'the outcome of the reexamination would be likely to assist the court in determining patent validity, and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement action.'" *PersonalWeb,* 69 F. Supp. 3d at 1027 (quoting *Evolutionary Intelligence LLC v. Apple, Inc*., 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014); *Slip Track Sys., Inc. v. Metal Lite, In.,* 159 F.3d 1337, 1341 (Fed. Cir. 1998)). A stay may also serve to avoid inconsistent results, obtain guidance from the PTAB, or avoid the waste of judicial resources. *Id.*

Defendant argues that staying the matter will preserve resources because the '002 Patent (from the IPR Instituted Patents) and the '731 and '404 patents (from the non-IPR Patents) share a common inventor. Second, all three of those patents (the '002, '731 and '404 Patents) were assigned to a company called Transmeta, and Intellectual Ventures later acquired them and sold them to Plaintiff. Defendant plans to conduct discovery from those third parties regarding the acquisition, ownership, licensing, and relative valuation of the patents. Defendant also argues that

3

staying the matter will allow for streamlined discovery because Defendant must consult the same sources – the business unit from which all the asserted patents arise.

Plaintiff points out that the devices accused of infringing the IPR Instituted Patents and the non IPR Patents are not the same and that the claims addressed in the two sets of patents are not the same. Defendant cannot point to a specific accused device accused of infringing patents from both groups but argues that there might be common accused products. However, even if there were no common claims or common accused devices, there would still be sufficient overlapping discovery to warrant staying the entire case pending the IPR proceedings.

### 3.  A Stay Will Not Unduly Prejudice Plaintiff.

Finally, the Court looks to whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. The parties expect the last decision on the IPR Instituted Patents to be made by April 2023. Plaintiff argues that it will suffer prejudice because the remaining patents are expired and thus more vulnerable to delay, given their age. Defendant argues that, because Plaintiff is a non-practicing entity, a delay in resolving this litigation will not cause loss of market share or other competitive harm. Monetary damages alone will compensate Plaintiff for any harm. In this situation, where the only reason for delay is a general concern about delay for older patents, delay does not weigh in Plaintiff's favor. Accordingly, the Court finds that the entire case should be stayed pending the IPR proceedings.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to stay the litigation in this case for all patents at issue, not limited to the IPR Instituted Patents. The Court FURTHER ORDERS that the parties shall file joint status reports regarding the IPR proceedings every 120 days or within 10 days of the conclusion of the IPR proceedings, whichever is sooner.

**IT IS SO ORDERED**.

Dated: August 3, 2022



SALLIE KIM
United States Magistrate Judge

4